1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

FABIAN FUENTES ROSAS,

     Petitioner,

vs.

E.K. McDANIEL, *et al.*,

     Respondents.

Case No. 3:05-cv-00490-RLH-VPC

**ORDER**

    This action is a petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254, by a Nevada state prisoner represented by counsel.  Before the Court is respondents' motion to dismiss the second amended petition (ECF No. 78).

**I. Procedural History**

    On December 28, 1999, the State charged petitioner and his co-defendant, Michael Freed, by information with the following:  Count 1, open murder with the use of a deadly weapon; Count 2, open murder with the use of a deadly weapon; Count 3, accessory to open murder (co-defendant only); Count 4, in the alternative to Count 1, principal to open murder with use of a deadly weapon; Count 5, in the alternative to Count 2, principle to open murder with use of a deadly weapon; Count 6, conspiracy to commit open murder; Count 7, robbery with the use of a deadly weapon; Count 8,

in the alternative to Count 7, principal to robbery; and Count 9, conspiracy to violate the Uniform

Controlled Substances Act.  (Exhibit 13).[1]  Petitioner pled not guilty to all counts.  (Exhibit 12).

On August 16, 2000, the State filed an amended criminal information against petitioner only, charging him with the following:  Count 1, open murder with the use of a deadly weapon; Count 2, open murder with the use of a deadly weapon; Count 3, in the alternative to Count 1, principal to open murder with the use of a deadly weapon; Count 4, in the alternative to Count 2, principal to open murder use of a deadly weapon; Count 5, conspiracy to commit open murder; Count 6, robbery with the use of a deadly weapon; Count 7, in the alternative to Count 6, principal to robbery; and Count 8, conspiracy to violate the Uniform Controlled Substances Act.  (Exhibit 59).

Petitioner's jury trial commenced on September 5, 2000.  (Exhibit 81).  The jury found petitioner guilty of Counts 1, 2, 5, 6, and 8.  (Exhibits 104, 106).

The penalty phase commenced on September 20, 2000.  (Exhibit 110).  For the death of Gerald Glade Spaeth, the jury imposed a sentence of life without the possibility of parole, with an equal and consecutive term for the use of a deadly weapon.  (Exhibit 111).  The jury returned an identical verdict for the death of Elza Raymond Wire.  (*Id.*).  On October 4, 2000, the State filed a notice of habitual criminal against Rosas.  (Exhibit 113).

The Court sentenced Rosas on November 27, 2000, as follows: On Count 1, murder in the first degree with the use of a deadly weapon, life without the possibility of parole, with an equal and consecutive term for the use of a deadly weapon; on Count 2, murder in the first degree with the use of a deadly weapon, life without the possibility of parole, with an equal and consecutive term for the use of a deadly weapon, concurrent to Count 1; on Count 5, conspiracy to commit murder, 48-120 months, consecutive to Count 2; on Count 6, robbery with the use of a deadly weapon, 72-180 months, with an equal and consecutive term for the use of a deadly weapon, consecutive to Count 5; and on Count 8, conspiracy to violate the Uniformed Controlled Substances Act, 24-60 months, consecutive to Count 6.  (Exhibit 117).  The Court also found Rosas to be a habitual criminal, and

---

[1]  The exhibits referenced in this order are found in the Court's record at ECF Nos. 12-16 (Exhibits 1-189), ECF No. 33 (Supplemental Exhibits 190-202), and ECF Nos. 64-65 (Exhibits 203-256).

1 sentenced him to 5-20 years, consecutive to Count 8.  (Exhibit 117).  On November 29, 2000, the

2 court filed the judgment of conviction.  (Exhibit 118).

3       Petitioner appealed from the conviction.  (Exhibit 119 and 131).  On December 17, 2001, the

4 Nevada Supreme Court affirmed the conviction.  (Exhibit 138).  Petitioner petitioned for rehearing,

5 which the Nevada Supreme Court denied.  (Exhibits 139 and 140).  The Nevada Supreme Court

6 issued a clerical correction to its opinion.  (Exhibit 140).  On May 28, 2002, remittitur issued.

7 (Exhibit 141).

8       Petitioner filed a *pro se* post-conviction habeas petition in the district court on August 26,

9 2002.  (Exhibit 147).  Following appointment of post-conviction counsel, petitioner filed his first

10 supplement to his petition on November 25, 2002.  (Exhibit 156).  On June 13, 2003, petitioner filed

11 a second supplement to his petition.  (Exhibit 168).  Following an evidentiary hearing, the state

12 district court denied the state habeas petition.  (Exhibits 171 and 172).

13       Petitioner appealed the denial of his state post-conviction habeas petition.  (Exhibit 173 and

14 182).  The Nevada Supreme Court affirmed the state district court's denial of the post-conviction

15 petition on June 22, 2005.  (Exhibit 186).  On July 19, 2005, remittitur issued.  (Exhibit 188).

16       On August 22, 2005, petitioner dispatched his *pro se* federal habeas petition to a correctional

17 officer for mailing.  (ECF No. 7, at p. 1).  Respondents moved to dismiss the original petition.  (ECF

18 No. 11).  Petitioner moved for the appointment of counsel and an evidentiary hearing.  (ECF Nos.

19 18 & 19).  On March 29, 2006, the Court granted petitioner's motion for the appointment of counsel

20 and denied respondents' motion to dismiss without prejudice.  (ECF No. 22).  The first amended

21 federal petition, filed November 20, 2006, raised the following grounds for relief:

22
23         Ground One:  Rosas was denied his rights to due process of law and a fair trial under the Fourteenth Amendment when the State prosecuted him for the Domino's murders in breach of the plea agreement precluding such prosecutions.

24
25         Ground Two:  Rosas was denied his rights to due process of law and a fair trial under the Fourteenth Amendment to the United States Constitution when the prosecutor raised and impeached an alibi defense in his case in chief, thereby improperly shifting the burden of proof to the defendant.

26
27
28         Ground Three:  Rosas was denied his right to the effective assistance of appellate counsel under the Sixth and Fourteenth Amendments to

the United States Constitution when counsel failed to include the prosecution's use of a peremptory challenge to exclude a Hispanic from serving on the jury in violation of <u>Batson v. Kentucky</u>, 476 U.S. 79 (1986), as a direct appeal issue.

Ground Four:  Rosas was denied his right to the effective assistance of trial counsel under the Sixth and Fourteenth Amendments to the United States Constitution when counsel failed to move for a change of venue after a prospective juror informed the court and counsel that Elko, Nevada's white and Mexican communities were racially split as to Rosas' guilt of the crimes charged, the former favoring convictions and the latter acquittals.

Ground Five:  Rosas was denied his right to the effective assistance of counsel under the Sixth and Fourteenth Amendments to the United States Constitution when counsel failed to investigate (1) a leading suspect in the killings and (2) a witness who could have impeached Liana Marie Barraza and, therefore, failed to prepare a meaningful defense.

Ground Six:  The State's failure to disclose (1) the prosecution of J.J. Arnold Horner as an ex-felon in possession of a 9MM pistol during the summer of 1997, and its consequent seizure of such 9MM pistol and destruction thereof at closure of the case and (2) the investigation of Horner for stealing dynamite and threatening various persons and institutions with it denied Rosas his rights to due process of law and a fair trial under the Fifth and Fourteenth Amendment s to the United States Constitution.

Ground Seven:  The State's destruction of the 9MM pistol seized from J.J. Arnold Horner denied Rosas access to potentially exculpatory evidence and violated his Fifth, and Fourteenth Amendment rights to due process.

Ground Eight:  Admission of prior bad act testimony violated petitioner's constitutional rights to a fair trial and due process of law under the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

Ground Nine:  Rosas was denied his due process rights under the Fifth and Fourteenth Amendments to the United States Constitution because there was insufficient evidence presented at trial to support a finding of guilt of the crimes charged beyond a reasonable doubt.

Ground Ten:  Rosas was denied his right to the effective assistance of counsel under the Sixth and Fourteenth Amendments to the United States Constitution when counsel failed to object to the joinder of the controlled substances conspiracy charge (Count 9) with the previous eight counts concerning the Domino's pizza killings.

(ECF No. 32).  On January 4, 2007, respondents moved to dismiss the first amended petition on the

grounds that certain claims were unexhausted, certain claims were untimely because they did not

relate back to the original petition, and certain claims were procedurally barred.  (ECF No. 35).  By

order filed September 13, 2007, this Court granted respondents' motion to dismiss in part, and denied the motion in part. (ECF No. 46). The Court ruled that the first amended petition was mixed, in that Grounds One, Four, Five, Six, Seven and Nine were unexhausted, while Grounds Two, Three, Eight, and Ten of the petition were exhausted. (*Id.*). The Court concluded that Grounds Four, Six, Seven, Eight, and Ten of the first amended petition related back to the original petition pursuant to *Mayle v. Felix*, 545 U.S. 644 (2005), and were therefore timely. (*Id.*). The Court also concluded that Grounds Two and Four were not procedurally barred from review. (*Id.*). The Court gave petitioner options for handling his unexhausted claims. (*Id.*). Petitioner filed a motion for reconsideration. (ECF No. 47). By order filed July 2, 2008, this Court denied the motion for reconsideration. (ECF No. 53). Petitioner filed a motion for a stay and abeyance pursuant to *Rhines v. Weber*, 544 U.S. 269 (2005), to return to state court for the purpose of exhausted his unexhausted grounds for habeas relief. (ECF No. 56). On September 16, 2008, this Court granted petitioner's motion for a stay and abeyance. (ECF No. 61).

On November 3, 2008, petitioner filed a second post-conviction habeas petition in the state district court. (Exhibit 203). The State filed a motion to dismiss the petition. (Exhibit 207). The state district court held a hearing on the motion on February 3, 2010. (Exhibit 214). The parties submitted further briefing. (Exhibits 215-229). A second hearing was held on November 18, 2010 in the state district court. (Exhibits 232 & 233). On January 5, 2011, the state district court filed findings of fact, conclusions of law, and order denying the petition for writ of habeas corpus. (Exhibit 237). Petitioner appealed the denial of his second post-conviction habeas petition. (Exhibits 241 & 242). On June 14, 2012, the Nevada Supreme Court issued an order affirming the denial of the second post-conviction habeas petition as procedurally barred, specifically, as untimely, successive, and abuse of the writ. (Exhibit 247). Petitioner filed a motion for rehearing. (Exhibit 248). The Nevada Supreme Court denied rehearing on February 5, 2013. (Exhibit 254). Remittitur issued on March 4, 2013. (Exhibit 255).

On April 17, 2013, petitioner, through counsel, filed a motion to reopen this case, his further state proceedings having concluded. (ECF No. 63). On May 7, 2013, this Court granted petitioner's motion to reopen this case and granted leave to file a second amended petition. (ECF No. 67). On

1   August 1, 2013, petitioner filed a second amended petition.  (ECF No. 68).  The second amended

2   petition raises the following grounds for relief:

3           Ground One:  Rosas was denied his rights to due process of law and a
            fair trial under the Fifth and Fourteenth Amendment when the State
4           prosecuted him for the Domino's murders in breach of the plea
            agreement precluding such prosecutions.  (ECF No. 68, at pp. 14-22).
5
            Ground Two:  Rosas was denied his rights to due process of law and a
6           fair trial under the Fifth and Fourteenth Amendments when the district
            court denied his motion to dismiss the case on the grounds that the
7           State was precluded from prosecuting Rosas due to a prior negotiated
            plea/polygraph agreement.  (ECF No. 68, at pp. 22-31).
8
            Ground Three:  Rosas was denied his rights to due process of law and
9           a fair trial under the Fifth and Fourteenth Amendments to the United
            States Constitution when the prosecutor raised and impeached an alibi
10          defense in his case in chief, thereby improperly shifting the burden of
            proof to the defendant.  (ECF No. 68, at pp. 31-34).
11
            Ground Four:  Rosas was denied his right to the effective assistance of
12          appellate counsel under the Sixth and Fourteenth Amendments to the
            United States Constitution when counsel failed to include the
13          prosecution's use of a peremptory challenge to exclude a Hispanic
            from serving on the jury in violation of *Batson v. Kentucky*, 476 U.S.
14          79 (1986).  (ECF No. 68, at pp. 34-38).

15          Ground Five:  Rosas was denied his right to the effective assistance of
            trial counsel under the Sixth and Fourteenth Amendments to the
16          United States Constitution when counsel failed to move for a change
            of venue after a prospective juror informed the court and counsel that
17          Elko, Nevada's white and Mexican communities were racially split as
            to Rosas' guilt of the crimes charged, the former favoring convictions
18          and the latter acquittals.  (ECF No. 68, at pp. 38-40).

19          Ground Six:  Rosas was denied his right to the effective assistance of
            trial counsel under the Sixth and Fourteenth Amendments to the
20          United States Constitution when counsel failed to investigate (1) a
            leading suspect in the killings and (2) a witness who could have
21          impeached Liana Marie Barraza, and therefore, failed to prepare a
            meaningful defense.  (ECF No. 68, at pp. 40-43).
22
            Ground Seven:  The State's failure to disclose (1) the prosecution of
23          J.J. Arnold Horner as an ex-felon in possession of a 9mm pistol
            during the summer of 1997, and its consequent seizure of such 9mm
24          pistol and destruction thereof at closure of the case and (2) the
            investigation of Horner for stealing dynamite and threatening various
25          persons and institutions with it denied Rosas his rights to due process
            of law and a fair trial under the Fifth and Fourteenth Amendments to
26          the United States Constitution.  (ECF No. 68, at pp. 43-44).

27          Ground Eight:  Admission of prior bad act testimony violated
            petitioner's constitutional rights to a fair trial and due process of law
28

-6-

under the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.  (ECF No. 68, at pp. 44-47).

Ground Nine:  Rosas was denied his due process rights under the Fifth and Fourteenth Amendments to the United States Constitution because there was insufficient evidence presented at trial to support a finding of guilt of the crimes charged beyond a reasonable doubt. (ECF No. 68, at pp. 47-49).

Ground Ten:  Rosas was denied his right to the effective assistance of trial counsel under the Sixth and Fourteenth Amendments to the United States Constitution when counsel failed to object to the joinder of the controlled substances conspiracy charge (Count 9) with the previous eight counts concerning the Domino's Pizza killings.  (ECF No. 68, at pp. 49-50).

(ECF No. 68).  On January 22, 2014, respondents filed a motion for leave to file excess pages (ECF No. 77) and a motion to dismiss the second amended petition (ECF No. 78).  Petitioner, through counsel, filed an opposition to the motion to dismiss on April 11, 2014.  (ECF No. 83).  Respondents moved for an extension of time in which to file a reply.  (ECF No. 84).  By order filed April 21, 2014, the Court granted respondents an extension of time, up to and including May 12, 2014, in which to file a reply.  Respondents did not file a reply.

**II. Discussion**

On January 22, 2014, respondents filed a motion for leave to file a motion to dismiss in excess of thirty pages.  (ECF No. 77).  Good cause appearing, the motion is granted.  The Court now addresses the arguments presented in the motion to dismiss and petitioner's opposition thereto.

**A. Exhaustion**

A federal court will not grant a state prisoner's petition for habeas relief until the prisoner has exhausted his available state remedies for all claims raised.  *Rose v. Lundy*, 455 U.S. 509 (1982); 28 U.S.C. § 2254(b).  A petitioner must give the state courts a fair opportunity to act on each of his claims before he presents those claims in a federal habeas petition.  *O'Sullivan v. Boerckel,* 526 U.S. 838, 844 (1999); *see also Duncan v. Henry,* 513 U.S. 364, 365 (1995).  A claim remains unexhausted until the petitioner has given the highest available state court the opportunity to consider the claim through direct appeal or state collateral review proceedings.  *See Casey v. Moore,* 386 F.3d 896, 916 (9th Cir. 2004); *Garrison v. McCarthey,* 653 F.2d 374, 376 (9th Cir. 1981).

1    Respondents argue that Ground Eight of the second amended petition is unexhausted.
2  Respondents asserted this argument in their motion to dismiss the first amended petition.  (ECF No.
3  35, at pp. 21-23).  In Ground Eight, petitioner claims that the trial court's admission of testimony of
4  prior bad acts denied his rights to due process and a fair trial.  (ECF No. 68, at pp. 44-47).
5  Petitioner alleges that the trial court improperly admitted the testimony of Liana Barraza, who
6  testified as to a conversation she had with petitioner concerning Katie Riley.  (*Id.*, at p. 44).
7  Petitioner contends that Barraza's testimony was prejudicial because it inferred that if petitioner was
8  willing to have a woman assaulted over a drug deal, he would be capable and willing to murder, or
9  have murdered, a man who owed him money for drugs.  (*Id.*, at pp. 44-46).  Petitioner lists several
10  other instances of bad act evidence that were properly admitted against him at trial.  (*Id.*, at pp. 46-
11  47).  This Court previously determined that Ground Eight was exhausted in state court.  (ECF No.
12  46, at pp. 13-14).  Ground Eight was fairly presented to the Nevada Supreme Court in petitioner's
13  opening brief on direct appeal.  (Exhibit 131).  Ground Eight of the second amended petition is
14  exhausted.

15       **B.  Relation-Back**

16       Respondents arguments regarding the timeliness of Grounds Five, Seven, Eight, and Ten of
17  the second amended petition are nearly identical to the arguments made in their prior motion to
18  dismiss these same grounds of the first amended petition.[2]  Respondents argue that these grounds of
19  the second amended petition do not relate back to the original petition pursuant to *Mayle v. Felix*,
20  545 U.S. 644 (2005), and are therefore untimely filed.  The Court previously ruled that all of these
21  grounds relate back to the original petition.  (ECF No. 46, at pp. 16-19).  Each of these grounds of
22  the second amended petition relate back to the original petition, as they are based on the same core
23  of operative facts.  The Court rejects respondents' argument that Grounds Five, Seven, Eight, and
24  Ten of the second amended petition are untimely.

25  / / / / / / / / / /

26

27       [2]  Grounds Five, Seven, Eight, and Ten of the second amended petition are the same as
28  Grounds Four, Six, Eight, and Ten of the first amended petition.  (ECF Nos. 32 & 68).

**C. Procedural Bar**

Respondents argue that Grounds One, Two, Five, Six, Seven, and Ten of the second amended petition were procedurally defaulted in state court and are therefore procedurally barred in this federal habeas proceeding.

**1. Procedural Default Principles**

In *Coleman v. Thompson*, 501 U.S. 722 (1991), the United States Supreme Court held that a state prisoner's failure to comply with the state's procedural requirements in presenting his claims is barred from obtaining a writ of habeas corpus in federal court by the adequate and independent state ground doctrine. *Coleman*, 501 U.S. at 731-32 ("Just as in those cases in which a state prisoner fails to exhaust state remedies, a habeas petitioner who has failed to meet the State's procedural requirements for presenting his federal claims has deprived the state courts of an opportunity to address those claims in the first instance."). Where such a procedural default constitutes an adequate and independent state ground for the denial of habeas corpus relief, the default may be excused only "if a constitutional violation has probably resulted in the conviction of one who is actually innocent," or if the prisoner demonstrates cause for the default and prejudice resulting from it. *Murray v. Carrier*, 477 U.S. 478, 496 (1986).

A state procedural bar is "adequate" if it is "clear, consistently applied, and well-established at the time of the petitioner's purported default." *Calderon v. United States District Court (Bean)*, 96 F.3d 1126, 1129 (9th Cir. 1996) (quoting *Wells v. Maass*, 28 F.3d 1005, 1010 (9th Cir. 1994)); *see also King v. Lamarque,* 464 F.3d 963, 966-67 (9th Cir. 2006). A state procedural bar is "independent" if the state court "explicitly invokes the procedural rule as a separate basis for its decision." *Vang v. Nevada*, 329 F.3d 1069, 1074 (9th Cir. 2003). A state court's decision is not "independent" if the application of the state's default rule depends on the consideration of federal law. *Park v. California*, 202 F.3d 1146, 1152 (9th Cir. 2000); *see also Coleman*, 501 U.S. at 735 (there is no independent state ground for a state court's application of procedural bar when the court's reasoning rests primarily on federal law or is interwoven with federal law).

/ / / / / / / / / /

-9-

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

### 2.  Procedural Default in State Court on Independent and Adequate State Grounds

The claims presented in Grounds One, Two, Five, Six, Seven, and Ten were presented in the second post-conviction habeas petition filed on his return to state court while this case was stayed. (Exhibits 203-256).  By order filed June 14, 2012, the Nevada Supreme Court found that the petition was untimely under Nevada state law, explicitly citing NRS 34.726(1).  (Exhibit 247, at p. 1).  The Nevada Supreme Court also found that the petition was successive and an abuse of the writ, citing NRS 34.810(1)(b) and NRS 34.810(2).  (*Id.*).  Further, the Nevada Supreme Court found that petitioner failed to show good cause to excuse his procedural defaults.  (*Id.*, at pp. 2-5).

The Ninth Circuit has held that the Nevada Supreme Court's application of the timeliness rule in NRS 34.726(1) is an independent and adequate state law ground for procedural default. *Moran v. McDaniel*, 80 F.3d 1261, 1268-70 (9th Cir. 1996); *see Valerio v. Crawford*, 306 F.3d 742, 778 (9th Cir. 2002).  The Ninth Circuit also has held that, at least in non-capital cases, application of the abuse of the writ rule of NRS 34.810(2) is an independent and adequate state ground for procedural default.  *Vang v. Nevada*, 329 F.3d 1069, 1074 (9th Cir. 2003); *Bargas v. Burns*, 179 F.3d 1207, 1210-12 (9th Cir. 1999).  In the instant case, this Court finds that the Nevada Supreme Court's application of the procedural bars of NRS 34.726(1) and NRS 34.810(2) were independent and adequate grounds for the court's dismissal of the petition.  Because Grounds One, Two, Five, Six, Seven, and Ten of the second amended federal habeas petition assert the same claims made in the procedurally defaulted state court habeas petition, these claims are procedurally barred from federal review and will be dismissed with prejudice unless petitioner can show cause and prejudice to excuse the procedural bar, or that this Court's failure to consider the defaulted claims will result in a fundamental miscarriage of justice.

### 3.  Cause and Prejudice/Fundamental Miscarriage of Justice

To overcome a claim that was procedural defaulted in state court, a petitioner must establish either (1) cause for the default and prejudice attributable thereto or (2) that failure to consider the defaulted claims will result in a "fundamental miscarriage of justice."  *Harris v. Reed*, 489 U.S. 255, 262 (1989) (citations omitted).

1    To prove a "fundamental miscarriage of justice," petitioner must show that the constitutional

2    error of which he complains "has probably resulted in the conviction of one who is actually

3    innocent." *Bousley v. United States*, 523 U.S. 614, 623 (1998) (citing *Murray v. Carrier*, 477 U.S.

4    at 496). "Actual innocence" is established when, in light of all of the evidence, "it is more likely

5    than not that no reasonable juror would have convicted [the petitioner]." *Bousley v. United States*,

6    523 U.S. at 623 (quoting *Schlup v. Delo*, 513 U.S. 298, 327-28 (1995)). "'[A]ctual innocence'

7    means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. at 623.

8    Petitioner can make a showing of "actual innocence" by presenting the court with new evidence

9    which raises a sufficient doubt as "to undermine confidence in the result of the trial." *Schlup v.*

10   *Delo*, 513 U.S. at 324.

11   To demonstrate cause for a procedural default, the petitioner must "show that some objective

12   factor external to the defense impeded" his efforts to comply with the state procedural rule. *Murray*,

13   477 U.S. at 488. For cause to exist, the external impediment must have prevented the petitioner

14   from raising the claim. *See McClesky v. Zant*, 499 U.S. 467, 497 (1991). With respect to the

15   prejudice prong, the petitioner bears "the burden of showing not merely that the errors [complained

16   of] constituted a possibility of prejudice, but that they worked to his actual and substantial

17   disadvantage, infecting his entire [proceeding] with errors of constitutional dimension." *White v.*

18   *Lewis*, 874 F.2d 599, 603 (9th Cir. 1989), citing *United States v. Frady*, 456 U.S. 152, 170 (1982). If

19   the petitioner fails to show cause, the court need not consider whether the petitioner suffered actual

20   prejudice. *Engle v. Isaac*, 456 U.S. 107, 134 n.43 (1982); *Roberts v. Arave*, 847 F.2d 528, 530 n.3

21   (9th Cir. 1988).

22   Petitioner asserts that there is cause and prejudice to excuse the procedural default of his

23   claims. Petitioner asserts that the ineffective assistance of counsel constitutes cause and prejudice to

24   excuse the procedural default. *See Martinez v. Ryan*, 132 S.Ct. 1309 (2012). The Court has

25   determined that the analysis of cause and prejudice arguments in this case are closely related to the

26   analysis on the merits of the case. Therefore, the Court will defer ruling on cause and prejudice

27   issue until the merits are fully briefed. These issues shall be addressed in the answer and reply brief.

28   / / / / / / / / / / /

-11-

**III. Conclusion**

**IT IS THEREFORE ORDERED** that respondents' motion to file a pleading in excess of thirty pages (ECF No. 77), as it relates to the motion to dismiss, is **GRANTED.**

**IT IS FURTHER ORDERED** that respondents' motion to dismiss (ECF No. 78) the second amended petition is **DENIED.**

**IT IS FURTHER ORDERED** that respondents **SHALL FILE** an answer to the second amended petition within **forty-five (45) days** of the entry of this order.  The answer shall substantively address the merits of all grounds of the second amended petition.  The answer shall also address cause and prejudice issues, as applicable to Grounds One, Two, Five, Six, Seven, and Ten of the second amended petition.

**IT IS FURTHER ORDERED** that petitioner **SHALL FILE** a reply to the answer within **forty-five (45) days** of being served with the answer.  The reply shall respond to the answer and substantively address all grounds of the second amended petition.  The reply shall also address cause and prejudice issues, as applicable to Grounds One, Two, Five, Six, Seven, and Ten of the second amended petition.

Dated this ___26th___ day of August, 2014.

_____
UNITED STATES DISTRICT JUDGE

-12-